### SCHOOLFIELD, HANANER & CO. *v.* LOU O. WILKINGS.

BUSINESS SIGN. *Failure to post up. Sect. 1300, Code 1880. Case in judgment.*
Sect. 1300 of the Code of 1880 provides that, "If any person shall transact business as a trader, or otherwise, with the addition of the words 'agent,' or 'factor,' 'and company,' or 'and Co.,' or like words, and fail to disclose the name of his principal, or partner, by a sign, or letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name, without any such addition, all the property, stock, money, and choses in action, used or acquired in such

business shall, as to the creditors of such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property." Where a married woman is doing a mercantile business in her own name and with her own means, though it be conducted by her husband, as her agent, clerk, and employee, the statute above quoted does not render the stock of goods liable for the debts of her husband, because of the failure to put up a sign or letters disclosing the ownership of the business, it having no application in such case except to make all the property embarked in the business hers, as to her creditors, though, in fact, it may belong to another.

APPEAL from the Circuit Court of Grenada County.

Hon. A. T. ROANE, Judge.

The appellants, having recovered a judgment against John A. Wilkings, had an execution issued thereon and levied upon a certain stock of goods and merchandise. Mrs. Lou O. Wilkings, wife of the defendant in the execution, claimed the property as her own. An issue to test her claim was made and tried by the court, upon an agreed statement of facts. The court rendered judgment for the claimant, and this appeal was taken by the plaintiffs in execution. So many of the facts contained in the agreed statement referred to as need be set forth in this report are stated in the opinion of the court. The decision herein turns upon the construction of sect. 1300 of the Code of 1880, which is in these words : " If any person shall transact business as a trader, or otherwise, with the addition of the words, ' agent,' ' factor,' ' and company,' or ' and Co.;' or like words, and fail to disclose the name of his principal or partner, by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name, without any such addition, all the property, stock, money, and choses in action, used or acquired in such business shall, as to the creditors of such person, be liable for his debts, and be, in all respects, treated in favor of his creditors, as his property."

*W. C. McLean,* for the appellants.

The object of the statute under consideration was to prevent fraud, — we may say that it announced a rule of statu-

tory estoppel, — and that unless a person does as the statute directs, he is guilty of fraud and will be estopped. The object and spirit of the statute is clear and manifest, and this must control though opposed to the letter. This object was to prevent the assertion of secret claims to property, and to clothe the apparent owner with the real ownership ; and under this statute the public had the right to conclusively presume that J. A. Wilkings was the real owner of the property, for the reason that he acted and · dealt with the property in the same manner as if it were his own, and failed to notify the public of the name of the real owner by a sign placed conspicuously at the place of business, as directed by the statute. This court in *Gamble* v. *Koon*, 59 Miss. 264, in drawing its conclusion in speaking of and construing this statute says : " The object of the statute was to prevent the assertion of secret claims to property as against creditors of the person who seems to be the owner of it, evidenced by his dealings with it, and it conclusively fixes the ownership to be in the person whose sign is exhibited at the place of business, or who, in the absence of any sign, is the manager of the business."

*Fitz-Gerald & Whitfield*, for the appellee.

Sect. 1300 of the Code of 1880 is two fold in its character. It renders liable all the property, stock, money, and choses in action, used or acquired in such business, to his creditors, liable for his debts, and to be in all respects treated in favor of his creditors, as his property, (1) of any person who shall transact business as a trader or otherwise with the addition of the words " agent," " factor," " and company," or " and Co.," or like words, and who fails to disclose the name of his principal or partner, by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, and (2) of any person who shall transact business in his own name, without any such addition. Counsel for appellants loses himself in endeavoring to show that the defendant in execution, John A., belongs to the class designated

in the second division of the section of the Code, who he seeks to show has not complied with the requirements of the first division of said section. Now, it is perfectly manifest, if Mr. Willkings was transacting business as a trader or otherwise, with the addition of the words "agent," "factor," "and company," or "and Co.," or like words, and had failed to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where he transacts business, he would be obnoxious to the charges of counsel, and the goods levied on would be liable; or if he were transacting business in his own name, without such addition, and with or without a sign of any sort, the goods would be liable. But the agreed statement of facts clearly and distinctly shows that the business was transacted by Mr. Wilkings for his wife and in her name.

Chalmers, J., delivered the opinion of the court.

It is admitted by the agreed statement of facts that Mrs. Wilkings was doing business as a merchant with her own means and in her own name, and that all the property embarked or accumulated in it was her own, though the business was conducted for her by her husband as her agent, clerk, and employee. It is insisted under this state of facts that the property was made liable for the husband's debts, because there was not posted conspicuously on or about the premises a written or printed sign, disclosing the ownership of the business and property. This is an entire misconception of the statute requiring merchants and others to exhibit signs in connection with the business carried on by them. Code 1880, sect. 1300. The statute has nothing to do with a person who is doing business solely in his own name, except to declare that all the property embarked in it shall be held and treated as his, though in fact it may belong to another. Such a person being really the owner of the property, may consult his own pleasure as to placing any sign whatever over or about his establishment.

The requirement of a sign applies only to him who appends to his name in business transactions, or by advertisement or sign, such words as " agent," or " factor," or " company," or the like, and as to such persons it declares that all the property connected with the business shall be held and treated as belonging absolutely to him who thus carries it on, unless by some conspicuously posted sign, the true ownership is disclosed. The whole object of the statute is to force a disclosure of the ownership, by treating as owner him who so appears. In the case at bar, it is agreed that nothing was done that could have misled the public, and that everything was done to advise it that Mrs. Wilkings, and not her husband, was the owner of the property, except the posting of a sign. Having done nothing to mislead, carrying on the business in her own name, and with her own means, she was perfectly at liberty to place a sign over the premises or not, as she preferred.

Affirmed.