## In re HUBER MOTOR CO.

## GENERAL MOTORS ACCEPTANCE CORPORATION v. MORGAN.

### No. 2941.

District Court, S. D. Mississippi, Jackson Division.

Nov. 1, 1932.

Powell, Harper & Jiggitts, of Jackson, Miss., for petitioner.

E. L. Trenholm, of Jackson, Miss., and J. A. Smylie, of Crystal Springs, Miss., for respondent.

HOLMES, District Judge.

The bankrupt, a dealer in automobiles, was transacting business in its own name under the sign, "Huber Motor Company." The petitioner, General Motors Acceptance Corporation, was in large part financing the business by furnishing money to buy the cars. It secured each loan for the purchase money by taking a bill of sale to itself from the wholesaler and a trust receipt from the retailer. The latter also gave a note for the amount. The bill of lading was then delivered to the local dealer, who received the shipment and placed the cars on sale in its place of business. After a car was sold, if the individual purchaser failed to pay for it, the Acceptance Corporation took possession of it, or repossessed it, to use the trade phrase, and again delivered it to the local dealer for resale, taking therefor a receipt purporting to be for storage purposes only.

Less than four months prior to the filing of the petition in bankruptcy, at a time when the Huber Motor Company was insolvent, and while the cars in controversy were held for sale in the latter's stock of merchandise, the petitioner tagged or labeled the same as the property of General Motors Acceptance Corporation, by pasting on each car in controversy a paper label about 5 by 8 inches in dimensions, giving the motor and serial number and stating that the car was its property. It now seeks to reclaim the same from the trustee in bankruptcy, and relies upon the trust and storage receipts as evidence of its right to do so.

The petitioner is not claiming any statutory or contractual lien upon the cars, but is asserting absolute ownership thereof. The rea-

sonable inference from the agreed statement of facts is that the Huber Motor Company had possession of the property with the right of sale, not only during the period before the tags were placed on the cars, but continuously thereafter until the filing of the petition in bankruptcy. The letter from General Motors Acceptance Corporation, dated January 22, 1931, and other admitted facts, clearly show that the bankrupt had this right and that the trust and storage receipts, to this extent at least, were altered by the acts and conduct of the parties. The transaction was not a bona fide bailment. The form it took was a subterfuge, constructively fraudulent as to creditors. Therefore, upon general principles of law, without regard to section 3352 of the Mississippi Code of 1930, the petition should be denied [Samson Tire & Rubber Company v. Eggleston (C. C. A.) 45 F. (2d) 502]; but, when the doctrine announced is reinforced by the statute, the conclusion is strengthened.

This section (3352, Code 1930), known as the Mississippi Sign Statute, so far as here applicable, provides that, if any person shall transact business, as a trader or otherwise, in his own name, all the property used or acquired in such business shall, as to creditors, be liable for his debts, and be in all respects treated as his property.

▌As to this statute, attorneys for petitioner state the following in their brief: "All of the arguments advanced by us in our brief in chief, reply brief, and this memorandum are based on the theory that the tagging of the automobiles on August 20th was a compliance with the sign statute. If Your Honor should hold that this tagging did not constitute a compliance with the sign statute, then we admit that we have no ground for asking for the reversal of the referee's order."

Instead of saying there was no compliance with the sign statute by tagging or labeling the cars in the manner shown, perhaps it would be more accurate to state that there may be no evasion of the law by such a device. The statute makes provision for but one sign for each business. That sign must contain an inscription "in letters easy to be read," indicating the proprietor. It must be "placed conspicuously at the house where such business is transacted." The statute does not permit one general sign for the business with separate tags or labels for specific articles. The inscription on the sign must disclose the name of the "principal or partner" of the person who transacts the business. If it fails to do so, or if there is no sign, "all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property."

The statute would be nullified by a construction which permitted a general sign giving the name of the trader to whom alone ordinary creditors might look for payment, but which allowed specific articles to be tagged or labeled as the property of preferred creditors who could reclaim them in case of insolvency or bankruptcy.

In Gumbel v. Koon, 59 Miss. 264, the Supreme Court of Mississippi said: "At an early day in the history of this State it was settled by this court that no exception would be engrafted on the statute. To this rule of construction we have steadily adhered."

In Quin v. Myles, 59 Miss. 375, 378, it was held that the statute must be enforced as written "without regard to whether the debts sought to be collected under it were antecedent or subsequent to the inauguration of the business, or whether creditors had actually been misled or not."

In Schoolfield v. Wilkings, 60 Miss. 238, the court said: "The statute has nothing to do with a person who is doing business solely in his own name, except to declare that all the property embarked in it shall be held and treated as his, though in fact it may belong to another." See, also, In re Waynesboro Motor Company, Bankrupt (D. C.) 60 F. (2d) 668.

It may be suggested that, under this view, five cars delivered to the bankrupt after August 20, 1931, should not have been released to the claimant, but the trustee did not appeal from that decision, and the question is not before me. As to the other cars, the petition of the claimant was properly denied, and the decision of the referee should be affirmed. It is so ordered.