## S. GUMBEL *v.* N. KOON.

1. STATUTE OF FRAUDS.   *Code* 1880, § 1300, *construed.*   " *Business.*"

   A cotton buyer transacts " business " within the meaning of Code 1880, § 1300, if he rents an office where he sees persons and keeps his desk, books, and samples, and on the door of which is a copy of an advertisement of his occupation, signed by himself and published in the local papers.

2. SAME.   *Principal and agent.*   *Partnership.*

   Cotton purchased by such a dealer in the commodity, in the usual course of his business, is subject, under Code 1880, § 1300, to execution on a judgment rendered against him before the statute took effect, although owned by an undisclosed principal or partner who interposes his claim.

3. SAME.   *Scope of the statute.*   *No exception.*

   Under this statute property acquired in the business by the dealer is subject to his debts regardless of whether the creditors had notice of his agency, were antecedent or subsequent, or extended credit to him in the business or on the faith of his apparent ownership.

APPEAL from the Circuit Court of Grenada County.

Hon. SAM POWEL, Judge.

*J. J. Slack,* for the appellant.

Buffington was not engaged in " business " within the meaning of Code 1880, § 1300. Such a business as a grocery or dry-goods store is contemplated. Distinctions must be made, or the law of agency will be subverted by this statute. The mischief to be remedied was the perpetration of frauds by asserting secret titles, and the statute should be restricted to that end. Buffington's insolvency, and the fact that he was a mere agent, were generally known.

*W. C. McLean,* for the appellee.

The appellant, who did not appear in the advertisement or take part in the business, is precluded, by Code 1880, § 1300, from claiming the cotton against a creditor. Notice of Buffington's insolvency or agency has nothing to do with the question. Exceptions cannot be engrafted upon the statute. *Beaman* v. *Buck,* 9 S. & M. 207 ; *Box* v. *Stanford,* 13 S. & M. 93.

*R. Horton,* on the same side.

Nothing disclosed the appellant in connection with the busi-

ness which Buffington was conducting until the levy was made. He was purchasing cotton in his own name, without any such addition as is required in Code 1880, § 1300. The case is within the statute, for he even had an office, and an advertisement in his name alone.

COOPER, J., delivered the opinion of the court.

Section 1300 of the Code of 1880 is as follows : " If any person shall transact business as a trader, or otherwise, with the addition of the words ' agent,' ' factor,' ' and company,' or ' and co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name, without any such addition, all the property, stock, money and choses in action, used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be, in all respects, treated in favor of his creditors as his property." One Thomas C. Buffington was engaged in business in the town of Grenada, his business being the purchase of cotton in said town, and in the neighboring towns, which cotton, so purchased, was by him shipped to the appellant, who is a commission merchant in the city of New Orleans, La. Buffington had in the town of Grenada an office, which was rented by him during the cotton season, at which place he kept his desk, books, and the samples of cotton purchased by him, and at which persons desirous of seeing him during the day were accustomed to call. In the local papers he published an advertisement, stating that he was engaged in the purchase of cotton, and inviting persons having cotton for sale to call upon him before selling elsewhere, assuring them that he would pay larger prices in cash than other dealers in the town. A copy of this advertisement was posted on the door of his office, and was signed " Thomas C. Buffington." On May 31, 1880, the appellee, Koon, recovered in the Circuit Court of Grenada County a judgment against Buffington, and on the nineteenth day of November, nineteen days after the Code of 1880 went into effect, caused an execution issued under this judgment to be levied on certain cotton which had been purchased by Buf-

fington in the usual course of his business. The appellant interposed a claim to the property, upon which an issue was made up and tried. From a judgment adverse to his claim he prosecutes this appeal. The evidence, in the opinion of a part of the court, leaves it doubtful whether the cotton was not, under the peculiar contract between the appellant and Buffington, the property of Buffington at the time of the levy of the execution, but in view of the conclusion we have reached of the effect of the statute, it becomes unnecessary to determine this fact.

The provision above cited is found in chapter forty-nine of the Code, which is the " Act for the Prevention of Frauds and Perjuries." At an early day in the history of this State it was settled by this court that no exception would be engrafted on the statute. To this rule of construction we have steadily adhered. *Payson* v. *West*, Walker, 515 ; *Beaman* v. *Buck*, 9 S. & M. 207 ; *Box* v. *Stanford*, 13 S. & M. 93 ; *Catlett* v. *Bacon*, 33 Miss. 269 ; *Fisher* v. *Kuhn*, 54 Miss. 480. It may be that the effect of the statute will be to produce some results not in the contemplation of the legislature at the time it was enacted, but if we depart from the letter of the law as written, we shall be in danger of letting in more evils than we exclude by construction ; besides which, the uncertainty that would surround the subject until by a series of decisions the construction of the various clauses of the statute could be fixed would in itself be a most serious evil. The defendant, Buffington, transacted " business as a trader or otherwise," and had a place of business, and the property levied on was " acquired in such business ; " and the appellee was the creditor of Buffington, who had failed " to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted." As to the creditors of Buffington, whether they were antecedent or subsequent creditors, whether with or without notice of the fact that he was but an agent of another, whether they did or did not extend credit to him in the business, or on the faith of his apparent ownership of the property, the property under this statute was his, and subject to their demands. The appellee was a creditor of Buffington, and had the right to subject to the payment of his

judgment the property levied on, to the exclusion of the rights of the appellant, as principal and owner, if he was such principal, and to the exclusion of his rights as partner, if he was a partner. The object of the statute was to prevent the assertion of secret claims to property, as against creditors of the person who seems to be the owner of it, evidenced by his dealings with it; and it conclusively fixes the ownership to be in the person whose sign is exhibited at the place where the business is conducted, or who, in the absence of any sign, is the manager of the business.

*Judgment affirmed.*