GEO. S. DODDS v. F. B. PRATT, TRUSTEE.

1. LIENS. *Judgment prior. Deed of trust to secure purchase-money. Priority thereof.*
   A deed of trust on a stock of goods, given by the purchaser thereof, at the time of his purchase, to secure the payment of the purchase-money, is a claim paramount to an older judgment against such purchaser.

2. SAME. *Priority of creditors. Section 1300, Code of 1880, applied.*
   Section 1300, Code of 1880, which provides that if any person shall transact business in his own name exclusively, "all the property, stock, money, and choses in action, used and acquired in such business, shall, as to the creditors of any such person, be liable for his debts and be, in all respects, treated in

favor of his creditors as his property," does not, as to the property, money, etc., so made liable, change the order of priority between creditors, otherwise fixed by law.

3. TRUST-DEED. *Claimants issue. Claim before condition broken. Trial after condition broken.*
    On the trial of a claimant's issue, it is proper for the court to sustain the claim of a trustee in a deed of trust, the conditions of which at the interposition of such claim were unbroken, if, at the time of trial, the conditions have been broken.

APPEAL from the Circuit Court of Madison County.

HON. T. J. WHARTON, Judge.

In August, 1885, James Wales, T. S. Wood, and G. P. Buckley, each owning an interest in a remnant of a stock of goods, sold the same to one L. N. Kiser, under an agreement that Kiser should pay the purchase-money out of the proceeds of the sale of the goods, which were to be disposed of by Kiser in the regular course of business at retail. Simultaneous with this sale Kiser executed a deed of trust on the goods to F. B. Pratt, as trustee, to secure the payment of the purchase-money. Kiser, in his own name, proceeded with the business of selling out these goods at retail, but did not put up any sign at the house where the business was conducted. On September 14, 1886, G. S. Dodds caused an execution from the circuit court to be levied on this stock of goods, under a judgment rendered in his favor against Kiser some time before the execution of the above-mentioned deed of trust. F. B. Pratt, trustee in the deed of trust, appeared, filed a claimant's affidavit, and replevied the goods. At the time of filing the affidavit the conditions in the deed of trust had not been broken, but the breach thereof occurred before the trial of the case. By agreement of the parties the case was submitted to the court for trial. The court found for the claimant, but assessed the costs against him. The plaintiff appealed.

*W. H. Powell* and *Calhoon & Green,* for the appellant.

The trustee interposed his claim at law before condition broken, which is not allowable.

Section 1300 of the Code of 1800 applies, and made the goods

of Kiser subject to the levy. *Gumbel* v. *Koon*, 59 Miss. 264; *Gwin* v. *Myles*, Ib. 375; *Wolf* v. *Kahn*, 62 Ib. 815.

Whose goods were these? As to all the world except the trustee they were the goods of Kiser, the defendant in the execution. Code, § 1204. As between Kiser and the trustee they were the property of Kiser also until after condition broken. Ib. If the trustee under this particular trust-deed had the right to take possession, but left the goods with Kiser to sell in the usual course of trade, in a mercantile business conducted by Kiser in his own name, with no sign disclosing Pratt's interest, then he was the mere agent of an undisclosed principal and the execution was rightly levied.

Section 1300 is *sui generis*, and stands alone, and must be construed alone, as independent of and overriding all registration statutes. Otherwise the exception would have been engrafted upon it, as is everywhere done in the other statutes of fraud. Otherwise, also, it invites its own emasculation by a mere trick of the pen.

That no exception will be engrafted upon this statute is distinctly held in *Gumbel* v. *Koon, supra.*

The judgment lien attached before the deed of trust. Where trust-deed provides for continuing business in due course of trade, it is void against any judgment before trustee takes possession. 42 Miss. 783; 56 Miss. 145; 58 Miss. 583; 59 Miss. 61.

*F. B. Pratt,* for the appellee.

1. It is clearly intimated in *Joseph* v. *Levi*, 58 Miss. 845, that a deed in trust, on stock of goods, which provided that the proceeds of all sales should be applied to the payment of the debt secured by the deed, would not be fraudulent.

2. Kiser was doing business in his own name, and the statute declares that all the goods and assets used in his business should, as to his creditors, be liable for his debts and treated as his property.

We insist that the goods were his and liable for his debts, subject to the claims of his creditors, one of whom we are, with a prior and paramount claim upon the goods.

While § 1300 declares the goods to be Kiser's, yet it does not attempt to destroy priority of claims as between his creditors.

The controversy in this case is between *two creditors*, not between a *creditor* and a party *claiming ownership* of the goods.

CAMPBELL, J., delivered the opinion of the court.

The goods were Kiser's, undoubtedly, but the deed of trust he gave to secure the purchase-money for them was coetaneous with his acquisition of title, and therefore he held them subject to the deed of trust, which was paramount to any other claim.

Section 1300 of the Code of 1880 does not derange the order of priority among the creditors of the person transacting business. The property made liable for his debts is to be subjected in the order of precedence fixed by law independently of § 1300.

As the condition of the deed of trust had been broken at the time of the trial it was right to maintain the claim, although it was made prematurely. *Helm* v. *Gray*, 59 Miss. 54.

*Affirmed.*