FRANK, HERMAN & CO. *v.* C. W. ROBINSON, *et al.*

1. RESCISSION OF SALE. *Fraudulent purchase of goods by trader.* § 1300, *Code 1880, construed.*

Section 1300, Code of 1880, which provides that "all the property, stoc k money, or choses in action used or acquired in" the business of a trader conducting business in his own name "shall be liable for his debts, and be treated" in favor of his creditors "as his property," does not apply in favor of creditors of a trader so as to prevent a recision of sale and recovery of goods by one who was induced to sell the same to such trader, upon the false and fraudulent representations of the latter.

2. SAME. *Right of seller, as against assignee or receiver.*

And in such case the seller may revoke the sale and recover the goods so obtained by fraud, either in the hands of an assignee, or of a receiver appointed by a chancery court at the instance of creditors of such trader.

3. LIEN. *For purchase money of personal property. Not confined to exempt property.* § 1255, *Code of 1880, and Act of 1884, construed.*

Section 1255, Code of 1880, which is contained in the chapter "In Relation to Exempt Property," provides, amongst other things, that "no property shall be exempt from execution, when the purchase money thereof forms

in whole or in part, the debt on which the judgment is founded." An act of March 11th, 1884, amended this section by adding to the conclusion thereof the following words: "And if the plaintiff shall desire to establish a lien on such personal property while in the hands of the first vendee, he shall, on filing his declaration of evidence of debt, make affidavit stating that such property was sold by him for the debt, in whole or in part, sued on, or for labor done thereon, or for material furnished, as the case may be, describing in his affidavit the property, and the clerk or the justice of the peace shall issue his writ of seizure or summons, and it shall be the duty of the sheriff or constable to take possession of the property, safely keep the same, and dispose of the same in all respects as now required by law in cases of replevin; and if the defendent shall replevy the same, the writ shall be returnable to the court issuing the process in the first instance. If upon the trial the plaintiff shall establish his debt, and show that the purchase money was for that identical property, he shall, in addition to the judgment for the debt, have also a special execution for the sale of such property." The operation of this section of the Code, as amended by the act of 1884, is to give the seller of personal property not paid for a remedy, by which he may seize such property and subject it to a judgment in his favor for the unpaid price, regardless of the character of the property as exempt or not.

4. SAME. *On personalty. Under code and amendment. Extent thereof.*

But such amendatory act does not give a lien in favor of the vendor from the date of his sale, but only the right to acquire a lien by a seizure of the property sold while yet in the hands of the first vendee. Nor can such remedy be enforced against goods in the hands of an assignee, or a receiver appointed at the instance of a creditor of the vendee, such creditor having previously acquired a lien by virtue of a creditor's bill filed and exhibited in accordance with the provisions of Sections 1843, 1844 and 1845, Code of 1880, unless some paramount right be shown otherwise.

APPEAL from the Chancery Court of Lauderdale County.
HON. SYLVANUS EVANS, Chancellor.
The case is stated in the opinion of the court.
*Miller, Smith & Hirsh,* for the appellants.

1. The goods of the appellants, having been obtained by false and fraudulent pretenses, with no intention on the part of Baum & Co. to pay for them, did not pass; that is, the property did not pass, and only a surreptitious possession was obtained. Consequently, the appellants promptly, upon discovery of the fraud, had the right to reclaim them, except as against an inno-

cent purchaser for value.  *Donaldson*, assignee, v.  *Farwell*, 93
U. S.  631 ; *Des Farges* v.  *Pugh*, 53 Am. R. 446 ;  *Taylor* v. *Miss.
Mills*, 1  S. W. Rep. 283 ;  *Lee*  v.  *Simmons*, 27  N. W. Rep. 174 ;
*Doane*  v.  *Lockwood*, 4  N. E. Rep. 500 ;  *Farley*  v.  *Lincoln*, 51
N. H. 577 ; 2 Pomeroy's Eq., §§ 906, 1053 ;  *Belding, etc.*, v. *Frank-
and*, 41 Am. Rep. 631 ;  *Talcott* v.  *Henderson*, 27 Am. R. 504 and
note;  Benj. on  Sales, § 440 ;  Storey on  Sales, § 176 ;  *Ayres* v.
*French*, 41  Conn. 142 ;  *Buckley* v.  *Artcher*, 21  Barb. 585 ;
*Talcott* v.  *Henderson*, 31 Ohio St. 162.

Fraudulently purchasing goods without intent to pay for
them gives no title to the purchaser, nor to his assignee for the
benefit of creditors as against the party defrauded.  *Knowles* v.
*Lord*, 4 Whart. 500 ;  *King* v.  *Fitch*, 2 Abb.  App. 508 ;  S. C. 1
Keyes 422.

An assignee or trustee for creditors is not an innocent pur-
chaser for value.  Burrill on Assignment, 3 Ed. p. 540 ; *Pierson*
v. *Manning*, 2 Mich. 445 ; *Doss* v.  *Armstrong*,  6  How. (Miss.)
258 ; *Pope* v.  *Pope*, 40 Miss. 516.

The above principles are not affected by Sec. 1300, Code of
1880.

To say that persons who by false pretences have been *deluded*
into suffering another to take *possession* of their property shall
be sacrificed to other creditors of the fraudulent purchasers
would be carrying the statute beyond any possible purpose it
had in view.

There must be some limit in natural justice to the construc-
tion the courts will place upon this statute.  If I should leave
an article over night for safe keeping in the store of a merchant ;
or if a thief should steal an article belonging to me and dispose
of it to a merchant, and in either case a seizure should be made
on behalf of creditors under legal process ; it is not conceivable
that a court would deny my claim ; yet in a certain sense the
property might be acquired or used in the defendant's
business.

The court would have no hesitation in interpolating " law-
fully " before the words " acquired or used " to make the act
clearly accord with the purpose and intent of the legislature.

In the cases stated, as in this case, it is submitted that any

other view would result in spoliation of the most abominable nature, to wit : under the forms of law.

2. Assuming that appellant's right to reclaim their identical goods may be cut off, still the Chancery Court, by its sequestration of the goods *pendente lite*, will not deprive petitioners of their right to charge the purchase money as a lien upon their goods, under the act of 1884.

In legal intendment, we take it, since the possession of the assignees (mere volunteers) was the possession of Baum & Co., under the act of 1884, if appellants could not disaffirm the sale, they could still fix a lien upon the goods. By merely appointing a receiver upon the bill of a creditor, this right should not be lost.

3. But, in any view, it was error to dismiss the petition absolutely ; for, if a decree should be made adverse to the creditor of Baum & Co., the possession of the goods in legal effect, if not actually, would be restored to the assignees, and be and remain subject to the rights of appellants under either branch of the case.

*T. M. Miller*, of counsel for the appellants, argued the case orally.

*J. S. Hamm* and *Walker & Hall*, for the appellees.

The appellees rely upon the statute (§ 1300, Code 1880) as precluding the petitioners· from setting up any title to or asserting any lien upon the goods described in the petition.

The Supreme Court has, time and again, had this statute (§ 1300, Code 1880) before it for consideration and construction. See *Gumbol* v. *Koon*, 59 Miss. 264 ; *Quin* v. *Myles*, 59 Miss. 375 ; *Shannon* v. *Blum & Co.*, 60 Miss. 828 ; *Paine* v. *Hall Safe and Lock Company*, 64 Miss. 175.

This is certainly as strong a case as any of the above. In the case before the court, it is not contended that the petitioners, Frank, Herman & Co., did not part with the title to the goods. The title, it is admitted by their counsel, vested in Joseph Baum & Co. ; but it is said that the title thus vested in Joseph Baum & Co. was a defeasible title, and that, having been acquired by fraud, the sellers have a right to rescind the contract of sale, divest the title and regain possession of the goods.

But it surely needs no argument to show that to allow this claim under the circumstances of this case would be to allow petitioners to set up and establish a secret claim to property which they had, months ago, sold and delivered to Joseph Baum & Co., and which had been incorporated and mingled with the other merchandise in the hands and possession of that firm.

This case is not only within the spirit, but is within the very title of the statute (§ 1300, Code 1880); and even though said Joseph Baum & Co. may, as alleged and charged by the petitioners, have procured the goods from them by fraud, yet they cannot be heard, in the face of the statute (§ 1300, Code 1880), to urge any claim to the goods, as against the creditors of Joseph Baum & Co. Nor can they assert any such claim against the receivers, who merely represent the creditors, and are bound to protect their interests.

Nor can the petitioners, Frank, Herman & Co., establish any lien on the goods under the provisions of the act of March 11, 1884. To allow them to do so (even if that act applied to the sales of personal property generally, and not merely to personal property exempt from execution, except where the purchase-money has not been paid) would be to allow them to set up and establish a secret claim or lien on personal property in the hands of a merchant or trader, as against the creditors of such merchant or trader—the very evil which the statute (§ 1300, Code 1880) was designed to prevent.

*G. Q. Hall*, of counsel for the appellees, argued the case orally.

COOPER, C. J., delivered the opinion of the Court.

On the 21st of September, 1887, Baum & Co. made an assignment for the benefit of their creditors to Robinson and Wright, assignees. On the 25th of September, Jaffrey & Co., exhibited their bill in the chancery court of Lauderdale County, attacking the assignment as fraudulent and void, and seeking to subject the property assigned to the payment of their demand. Their bill is of a double aspect and the prayer is that the assignment be declared void and the goods appropriated to the payment of their debt; but if upon hearing it should be made to ap-

pear that the assignment was made in good faith, then they ask
that the trust be administered under the direction of the chan-
cery court and by a receiver to be appointed by it. By consent
of parties the assignees were appointed receivers of the court,
and now hold the property assigned in that character.

On the 28th of September, Frank, Herman & Co. exhibited in
the court having control of the property their petition, by which
they charge that Baum & Co. by false and fraudulent represen-
tations of their solvency induced petitioners to sell to them a
large quantity of boots and shoes for which nothing has been
paid ; that a large part of the goods were on hand at the time of
the assignment, and passed to the assignees and are now in the
hands of the receivers. They claim the right to rescind the sale
for fraud and to have delivery of the goods from the receivers.
Their petition is also in the alternative and they ask that failing
to establish the fraud of Baum & Co., a lien may be established
upon so much of the goods sold by them as remain on hand for
the purchase money due thereon. To this petition a demurrer
was interposed by the receivers.

The substantial grounds of demurrer are :

1. That the goods, though acquired by Baum & Co. by
fraudulent representations of their solvency, were nevertheless
" used or acquired in the business transacted by them," and
are, by virtue of Section 1300 of the Code of 1880, to be treated
as the property of said firm in favor of their creditors as against
the secret right of the petitioners to dis-affirm the sale.

2. That Jaffrey & Co., proceeding under Sections 1843,
1844 and 1845 of the Code, acquired a lien upon the goods by
exhibiting their bill to declare the assignment fraudulent, which
lien must prevail, unless upon final hearing the assignment shall
be declared valid.

3. That the vender's lien sought to be enforced by the
petitioners exists by law upon personal property only when
such property is of the class covered by the exemption laws of
the State.

The objections thus taken are determinable by construction
of the several statutory provisions relating thereto, and for con-
venience they are here set out in full.

65 MISS.—12.

Section 1300 of the Code is as follows :

" If any person shall transact business as a trader or otherwise, with the addition of the words ' agent,' ' factor,' and ' company,' or ' and Co.' or like words, and fail to disclose the name of his principal or partner, by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted ; or if any person shall transact business in his own name, without any such addition, all the property, stock, money and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be, in all respects, treated in favor of his creditors as his property."

Sections 1843, 1844 and 1845 provide, That " the said courts (chancery) shall have jurisdiction of bills exhibited by creditors who have not obtained judgments at law, or, having judgments, have not had executions returned unsatisfied, to set aside fraudulent conveyances of property, or other devices resorted to for the purpose of hindering, delaying or defrauding creditors ; and may subject the property to the satisfaction of the demands of such creditors, as if complainant had a judgment and execution thereon returned ' no property found.'

" Upon such a bill a writ of sequestration or injunction, or both, may be issued upon like terms and conditions as such writs may be issued in other cases, and subject to such proceedings and provisions thereafter as are applicable in other cases of such writs."

" The creditor in such case shall have a lien upon the property described therein from the filing of his bill, except as against bona fide purchasers before the service of process upon the defendant in such bill."

Section 1255 of the Code of 1880 declared, That " no property shall be exempt from execution when the purchase money thereof forms, in whole or in part, the debt on which the judgment is founded ; nor shall any property be exempt from sale for non-payment of taxes or assessments, or for any labor done thereon, or materials furnished therefor, or when the judgment is for labor performed, or upon a forfeited recognizance or bail bond." By act of March 11, 1884, this section was amended by

adding to the conclusion thereof the following words: "And if the plaintiff shall desire to establish a lien on such personal property while in the hands of the first vendee, he shall, on filing his declaration or evidence of debt, make affidavit stating that such property was sold by him for the debt, in whole or in part, sued on or for labor done thereon, or for material furnished as the case may be, describing in his affidavit the property, and the clerk or justice of the peace shall issue his writ of seizure or summons, and it shall be the duty of the sheriff or constable to take possession of the property, and shall safely keep the same and dispose of the same in all respects, as now required by law in cases of replevin, and if the defendant shall replevy the same the writ shall be returnable to the court issuing the process in the first instance. If upon the trial the plaintiff shall establish his debt, and show that the purchase money was for that identical property, he shall, in addition to the judgment for the debt, have also a special execution for the sale of such property.

The first question to be decided is, whether Section 1300, applies where the goods "used or acquired in the business" by a trader, are secured by his fraud against the seller.

This section has been frequently construed by us, in cases in which, by conventional arrangement between the parties, property has been placed in the hands of a trader by the owner, or in which some other than the trader conducting the business has interposed some claim to the property arising from contract, and in all such cases the statute has been applied. *Gumbel* v. *Koon*, 59 Miss. 264; *Quin* v. *Myles*, Id. 375; *Shannon* v. *Blum*, 60 Miss. 828; *Wolf & Marks* v. *Kahn*, 62 Miss. 814; *Payne* v. *Safe & Lock Co.*, 64 Miss. 175.

It has also been decided that the statute does not derange the order of priority of creditors of the trader, and that a valid mortgage executed by him would be enforced as against his judgment creditors. *Dodds* v. *Pratt*, 64 Miss. 123.

The question now presented has not heretofore arisen, and it is not settled by any of our previous decisions.

The letter of the statute is broad enough to include not only goods as acquired by the trader lawfully and by contract, but also such as might be obtained by trespass or by theft. But

it is manifest that, by a construction leading to such conclusion, the purpose and intent of the law would be enlarged and expanded by judicial decision. The scheme and policy of the statue is to preclude the assertion by others of secret claims to the property of which the trader is the ostensible owner. It incites to honesty by declaring that the fact of ownership shall be conclusively fixed, as appearances indicate it to be. The opportunity for the frauds it intended to prevent, sprung from the danger of collusion between the trader and others, and to exclude all possible schemes to thwart and evade its operation, the most comprehensive language was employed. Within the sphere of its intended operation, we shall, as we have repeatedly declared, engraft no exception upon its language; but we can not extend it beyond its manifest purpose by holding that property acquired by fraud or stratagem, by trespass or by larceny, is as against the victim of such fraud or the true owner, to be treated as the property of the trader in controversies with his creditors. We are therefore of opinion, that the statute interposes no obstacle to the assertion of title by the defrauded seller who seasonably and in good faith exercises his right to rescind the sale. If the fraud charged by petitioners shall be established, neither the assignees, who are volunteers, nor the receivers appointed at the suit of creditors can withhold the goods from them. *Paine* v. *Hotel Co.*, 60 Miss. 360; *Bliss* v. *Cottle*, 32 Barb. 322; *Burrill on Assignments*, Sect. 401.

We reject the proposition advanced by counsel for appellees, that the act of 1884, amending section 1255 of the Code, has reference alone to property which is by law exempt from execution and sale. Section 1255 of the Code, though found in the chapter dealing with the subject of exemptions, has for its purpose the exclusion of any and all property from the operation of the exemption laws in the states of case therein referred to. Under the circumstances named therein the law under the Code was just as if there had been no exemption of property from seizure and sale under execution. The legislature by the act of 1884, amendatory of this section of the Code, dealt with the property therein referred to, not as property of a particular character, which under other than the circumstances therein

named would be exempt; but as personal property the purchase price of which had not been paid, and its object was to afford a remedy to the seller by which it might be seized and subjected to a judgment in his favor for the unpaid price. It operates in favor of the seller, regardless of the character of the property as exempt or not exempt under general laws, so long as it remains in the hands of the first vendee.

But the act does not create a lien in favor of the creditor existing from the date of sale of the property. It confers only the right to acquire a lien by seizure of the property while in the hands of the first vendee. It gives no right or equity in or to the property to the creditor, but only the right to go against it for the unpaid price in conformity to the provisions of law. The goods sold by the petitioners to Baum & Co. while in their hands were by the terms of the law subject to be seized for the unpaid price, but this was the extent of the remedy conferred by the statute which is the measure of the sellers' right.

Before the petitioners had taken any steps to fix a lien upon the goods, two other claims had intervened, one of which, on the facts of record, must prevail, and either of which is superior to the right of petitioners, because prior in time. The assignee in the deed of assignment, though a volunteer, and as such chargeable with any fraudulent act of the assignor going to defeat his title, holds such title as the assignor had in the goods charged with a trust for the creditors named in the deed. It is not true that one who might have taken the goods in the hands of the assignor may also take them in the hands of the assignee. To do this the plaintiff must show some equitable or legal claim or lien which overrides and is superior to the title of the assignee.

If, therefore, Jaffrey & Co. shall fail to establish the fraudulent character of the assignment, the right of the assignees in the assignment will be superior to the right of the petitioners to subject the property to sale for the unpaid purchase money due them.

So, also, if it shall appear that the assignment was fraudulent, Jaffrey & Co., who, by exhibiting their bill under Sections 1843, 1844 and 1845 of the Code, acquired a lien on the property, will have a right superior to that of petitioners. The

lien of Jaffrey & Co. and of petitioners are alike statutory, and
are of equal dignity. Equality of equity and priority in time
gives priority in right.

The result then must be that if petitioners shall establish
the fraud of Baum & Co. in the purchase of the goods, they
may rescind the sale and retake the goods from the assignees or
from the receiver; but that, failing in this, their right to charge
the goods with the unpaid price is subordinate to the right of
either Jaffrey & Co. or of the assignees.

*Decree reversed and cause remanded.*