GOODBAR & COMPANY *v.* THOMAS J. KNIGHT ET AL.

[42 South. Rep., 539.]

ASSIGNMENTS FOR BENEFIT OF CREDITORS.   *Assignees right to possession. Purchase money claim.*

An assignee for the benefit of creditors who has taken the preliminary steps for executing the trust has a right to the possession of assigned goods as against the claim of the seller for their purchase price.

FROM the circuit court of, second district, Yalobusha county. HON. SAMUEL C. COOK, Judge.

Goodbar & Company, a corporation, appellant, was plaintiff in the court below; Knight, one of the appellees, was defendant there; and Trusty, another appellee, was claimant.   From a judgment in favor of Trusty, the claimant, the plaintiff appealed to the supreme court.

April 12, 1906, Knight, a merchant, while indebted to appellant, Goodbar & Company, made an assignment of his stock of goods and merchandise, of less value than $1,000, to appellee Trusty as assignee, for the benefit of creditors.   The assignee took charge of the stock of goods and merchandise, filed the assignment for record, made inventories, notified all creditors of what had been done, and requested them to file their claims with him.   Two days after the execution of the assignment, but

before the assignee had given bond, Goodbar & Company, ignoring the assignment, instituted suit against Knight before a justice of the peace, seeking thereby to establish a lien on goods sold by the company to Knight, which had passed, under the assignment, into the hands of the assignee, and to this end filed the necessary affidavit describing the property sought to be subjected, averring its liability for the debt sued on under Code 1892, § 2720, and, obtaining a writ therefor, caused the goods to be seized. Appellee Trusty, the assignee, propounded a claim for the goods, setting up title to the property in himself as assignee by virtue of the assignment and his proceedings thereunder. The case was tried upon a claimant's issue in the justice's court, and decided for the claimant. Goodbar & Company appealed to the circuit court and upon trial there, upon an agreed statement of the facts, a like judgment was rendered.

*Isaac T. Blount,* for appellant.

Under Code 1892, § 2710, the seller of goods may enforce his lien for purchase money while the goods are in the hands of the purchaser.

The manner of enforcing this lien is provided for in Code 1892, § 2720. The lien attached from the date of seizure, as it relates to third parties or purchasers for value without notice.

An assignee is not a *bona fide* purchaser for value, but a volunteer; hence he cannot defeat a lien. The assignee has no more rights than his assignor had.

A lienholder may enforce the same against all third parties who are volunteers, including assignees in bankruptcy.

*H. H. Creekmore,* for appellee.

The law gives no lien for purchase money prior to the seizure under a writ. Before the seizure the vendor has no lien, but only the right, by proceeding in accordance with the law, to secure a lien by the seizure of the goods. Appellant had no lien at the time Knight made his assignment, conveying the

goods to the assignee, who, though a volunteer, holds the goods in trust for creditors, and his right and title to them could not be defeated by any subsequent seizure.

The case is decided by *Frank* v. *Robinson*, 65 Miss., 162 (3 South. Rep., 253), wherein Chief Justice COOPER held that the act of March 11, 1884, practically the same in its operation as Code 1892, § 2720, upon which appellant is relying, did not create a lien in favor of the creditors existing from the time of sale of the property; it conferred merely the right to acquire a lien by seizure of the property while in the hands of the first vendee. To quote the words of the court in the above case, "the assignee in the deed of assignment, though a volunteer, and as such chargeable with any fraudulent act of the assignor going to defeat his title, holds such title as the assignor had in the goods, charged with a trust for the creditors. It is not true that one who might have taken the goods in the hands of the assignor may also take them in the hands of the assignee."

CALHOON, J., delivered the opinion of the court.

We are not disposed to overrule *Frank* v. *Robinson*, 65 Miss., 162 (s.c., 3 South. Rep., 253), and the case before us must be

*Affirmed.*