## In re WASSELF.
### No. 49556.

District Court, S. D. New York.
July 13, 1931.

Silver & Hennock, of New York City (Julius Silver, of New York City, of counsel), for the petition.

Julius D. Tobias, of New York City, opposed.

WOOLSEY, J.

The petition to review is dismissed, and the order below thereby sought to be reviewed is affirmed.

I. It is common ground that the assignment which supports the successful claim of Schwartz below was made May 15, 1928, more than twenty-six months before this bankruptcy proceeding was brought, and is not a document which depends on filing for its validity against third persons.

II. The law of New York would, of course, apply. Benedict v. Ratner, 268 U. S. 353, 359, 45 S. Ct. 566, 69 L. Ed. 991.

The assignment is an unconditional assignment to Schwartz, made as of May 15, 1928, of a contingent right to a fund given to him by the bankrupt as collateral security for a loan and, consequently, though constituting a secret lien, would operate in equity as a transfer of the fund to the extent of the loan indebtedness if, and so soon as, the fund came into the assignor's hands. Field v. Mayor, etc., of City of New York, 6 N. Y. 179, 186, 187, 57 Am. Dec. 435, approved in Greey v. Dockendorff, 231 U. S. 513, at page 516, 34 S. Ct. 166, 58 L. Ed. 339. See also, Montgomery v. City of Philadelphia (D. C.) 253 F. 473, 476; In re Hawley Down-Draft Furnace Co., 238 F. 122, 124, 125 (C. C. A. 3), which were decided on similar principles as to the effect of an assignment.

III. The bankrupt did not have any property in the fund in escrow on his adjudication. He and his trustee had at most merely a somewhat filmy claim to it.

Suit having been brought by the bankrupt's assignee Schwartz against the escrow depositary, the latter, on appropriate quittances, put an agreed portion of the funds in the hands of the bankrupt's trustee in order that an interpleader before the referee might be conveniently had as between the trustee in bankruptcy and the bankrupt's assignee.

The fund necessarily had in theory to reach the trustee via the bankrupt, and, on

passing through of the latter became affected by the assignment equity, which was superior to any equity assertable herein by the trustee. In re Seward Dredging Co., 242 F. 225, 227, 228 (C. C. A. 2); In re I. S. Remsen Mfg. Co., 232 F. 594, 596 (C. C. A. 2).

IV. The complaint by Schwartz of errors below is not properly before me, because a petition to review was not filed on his behalf.

Settle order on two days' notice.