### In re WAYNESBORO MOTOR CO.
No. 1305.

District Court, S. D. Mississippi, E. D.
Aug. 16, 1932.

W. M. Hutto, of Mobile, Ala., for petitioner.

George B. Neville, of Meridian, Miss., for trustee.

HOLMES, District Judge.

The Otts Finance Company, Inc., seeks to reclaim sixteen used automobiles found in the place of business of the bankrupt at the time the petition in bankruptcy was filed. The trustee claims title to the cars under section 3352 of the Mississippi Code of 1930, known as the sign statute, which, so far as applicable, provides in substance that, if a person shall transact business as a trader in his own name, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, all the property or stock "used or acquired in such business shall, as to the creditors of any such person, * * * be in all respects treated in favor of his creditors as his property."

It appears that the cars in controversy were originally acquired by the bankrupt in its business as a dealer in automobiles. They were sold to various persons partly for cash and partly on credit. The unpaid balance of the purchase money was secured by unrecorded written contracts of conditional sale in which title to the property was retained in the seller. These contracts and all right, title, and interest in the cars, for a valuable consideration, were assigned to the petitioner, Otts Finance Company, with full recourse on the bankrupt for the amount of the balance due. The various purchasers having failed to pay as required, the property of each from time to time was repossessed by the petitioner and placed back in the bankrupt's stock of used cars where it was again offered for sale and where it was displayed at the time of bankruptcy.

The petitioner claims that the cars were merely stored in the garage or repair shop of the bankrupt, but there was evidence from which the referee was justified in finding, and did find, the contrary. Reason supports the finding. Possibly there were two businesses, as in In re Hemming (D. C.) 51 F. (2d) 850, 18 A. B. R. (N. S.) 341, but these cars were acquired and used in the bankrupt's business as a trader. They were acquired for sale, were sold, repossessed, and offered for sale again. As between themselves, the Waynesboro Motor Company and the Otts Finance Company may have been independent operators, but, so far as the public was concerned, they were operating as dealers in automobiles under the sign "Waynesboro Motor Co." Under this sign these and other cars, with the consent of the Otts Finance Company, were displayed for sale and many of them sold. To offer property for sale as part of a stock of merchandise is one of the most familiar uses to which it may be put by a dealer.

The secret relationship between the parties is not material; neither is the cloak which covers their activities, be it that of warehouseman or independent financier. The law looks through the form to the substance, and will not permit a scheme, device, or secret agreement between the parties, such as appears in this case, to defeat the salutary purpose of the statute. Gumbel v. Koon, 59 Miss. 264; Quin v. Myles, 59 Miss. 375; Merchants' & Farmers' Bank v. Schaaf, 108 Misc. 121, 66 So. 402.

As the cars are liable for the debts of the dealer, and, as to creditors, must in all respects be treated as his property, the petitioner, even though the true owner, cannot prevail in this contest with the trustee in bankruptcy who, by force of law, stands here as the ideal creditor, irreproachable and without notice, armed cap-a-pie with every right and power which is conferred by the law of the state upon its most favored creditor who has acquired a lien by legal or equitable proceedings. Section 47a(2) of the Bankruptcy Act, as amended, 11 USCA § 75(a) (2); Samson Tire & Rubber Co. v. Eggleston (5 C. C. A.) 45 F.(2d) 502.

The decision of the referee is affirmed. An order may be entered accordingly.