## CRUMP v. HILL.
### No. 9053.

Circuit Court of Appeals, Fifth Circuit.
July 7, 1939.

W. W. Venable, of Clarksdale, Miss., and Robert N. Somerville, of Cleveland, Miss., for appellant.

F. H. Montgomery, of Clarksdale, Miss., and J. C. Roberts, of Cleveland, Miss., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, as trustee in bankruptcy of the Valley Provision Company, claiming that assignments to the defendant of book accounts of the Company were unrecorded and secret, and therefore, invalid under Section 3352,[1] Code 1930, Mississippi

[1] Sec. 3352: "Business sign and what to contain.—"If a person shall transact business as a trader or otherwise, with the addition of the words 'agent,' 'factor,' and 'company,' or '& Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property."

Sign Statute, brought this suit to recover payments made to defendant under them.

The defendant admitted the assignments and the payments made pursuant thereto. She insisted though, that each and all of the assignments were executed in good faith, by the assignor, and received in good faith and for a present and valuable consideration by her, when she had no reason to believe, and did not believe that the Company was insolvent. She proved, as to the assignments, that at all times after delivery to her, she had had complete dominion over them, and had never, in any instance, surrendered one until a new assignment of other and different accounts had been executed. She proved too, that the whole transaction was in good faith, and that she had received on account of the several assignments, only a sufficient amount of money to reimburse her for amounts actually loaned to the Company and for its benefit.

There was a stipulation as to facts and documents, and there was oral evidence. The District Judge, to whom the case was submitted, on jury waiver, finding: "according to the agreed statement of facts and the evidence introduced in this case, there has been no bad faith shown on the part of the defendant, and her entire course of conduct is shown to have been in good faith, and the sole question, therefore, to be decided by the court, is a narrow, legal question, and one which is, apparently, of first impression in this state, whether the Mississippi sign statute goes to the extent of providing that the business sign statute prevents the bona fide assignment of choses in action," answered the question thus posed in the negative, and gave judgment for defendant.

█ We agree with the District Judge's view that the question to be decided is one of first impression in the State. We agree with him too in his decision of it. The Mississippi sign statute, a practical rescript of the Virginia Trader's Act, Code 1919, § 5224, has been the subject of many decisions in both State[2] and Federal[3] Courts.

█ A reading of these cases makes it clear that, while the Mississippi sign statute deals primarily with conflicting claims of ownership, and has no effect to "derange the order of priority among the creditors of the person transacting business," Dodds v. Pratt, supra [64 Miss., 123, 8 So. 168], it does have the effect as to traders, those coming within the statute, of striking down claims to liens, by way of mortgage or title retention contracts, if such contract is not recorded, or if recorded, it fails to contain a sufficient description of the property. Paine v. Hall Safe & Lock Co., 64 Miss. 175, 1 So. 56. In Gumbel v. Koon, 59 Miss. 264, it was said, "the object of the statute was to prevent the assertion of secret claims to property, as against creditors of the person who seems to be the owner of it, evidenced by his dealings with it; and it conclusively fixes the ownership to be in the person whose sign is exhibited at the place where the business is conducted, or who, in the absence of any sign, is the manager of the business."

In Frank, Herman & Co. v. Robinson, 65 Miss. 162, 169, 3 So. 253, 255, it is said, "This section has been frequently construed by us in cases in which, by conventional arrangement between the parties, property has been placed in the hands of a trader by the owner, or in which some other than the trader conducting the business has interposed some claim to the property arising from contract, and in all such cases the statute has been applied. * * * It has also been decided that the statute does not derange the order of priority of creditors of the trader, and that a valid mortgage executed by him would be enforced as against his judgment creditors."

In Campbell Paint and Varnish v. Hall, 131 Miss. 671, 95 So. 641, 644, it was decided that the statute had no application whatever, in a contest between creditors of a common debtor, and that the sign stat-

[2] Gumbel v. Koon, 59 Miss. 264; Dodds v. Pratt, 64 Miss. 123, 8 So. 167; Frank, Herman & Co. v. Robinson, 65 Miss. 162, 3 So. 253; Campbell Paint & Varnish Co. v. Hall, 131 Miss. 671, 95 So. 641; Kelly v. Reid, 57 Miss. 89; Meridian Land Co. v. Ormond, 82 Miss. 758, 35 So. 179; National Foods v. Freidrick, 173 Miss. 717, 163 So. 126; Paine v. Hall Safe & Lock Co., 64 Miss. 175, 1 So. 56; Tufts v. Stone, 70 Miss. 54, 11 So. 792; Wood Co. v. Coney Grocery Co., 176 Miss. 406, 168 So. 864; Young v. Terry, 129 Miss. 281, 92 So. 76.

[3] In re Loebs, D.C., 279 F. 269; In re Caver, Caver & Co., D.C., 42 F.2d 293; In re Waynesboro Motor Co., D.C., 60 F.2d 668; Liquid Carbonic Company v. Phillips, 5 Cir., 68 F.2d 515; Floyd v. C. Nelson Mfg. Co., 5 Cir., 93 F.2d 857.

ute did not derange the order of priority among the creditors of the merchant. The Court said, "The statute, when not complied with, simply makes the property in question the property of the debtor, and liable to his debts, subject, however, to any valid lien thereon."

In none of these cases was the question here at issue dealt with. Appellant's reliance on Meridian Land Company v. Ormond, 82 Miss. 758, 35 So. 179, will not do. For, in that case, although choses in action were dealt with, the question which was decided was not, as here, the validity of an actual bona fide assignment of them, but that the owner of the choses, for failure to comply with the sign statute, lost them to the creditors of the manager, the ostensible owner.

All the Federal cases cited had to do with liens reserved by title retention contracts on property sold to and used by a trader in his business. In all of them it was held that if the contract was sufficient to confer on the seller the rights of a chattel mortgagee, that is, contained a sufficient description and was properly recorded, the property was removed from the operation of the statute. In none of them was the question here at issue mooted.

Approaching it, as the District Judge did, as one of first impression, we think it clear that under the settled principles governing assignments of choses in action, the District Judge was right in concluding that the Mississippi sign statute is without application and that plaintiff was without right to recover. In Wood Preserving Co. v. Coney Grocery Co. et al., 176 Miss. 406, 168 So. 864, it is declared that Section 3352, the invoked statute, has no application to an assignment or pledge which has become complete by delivery, actual or symbolical of the property, if a chattel, or by assignment of it, when, as here, it is a chose in action.

■ "Assignments of choses in action are not within the ordinary recording acts, and filing or recording is not necessary to their validity in the absence of a statute particularly requiring it." 5 C.J., Section 77, p. 908; 6 C.J. 1100; 4 Am.Jur. p. 300. It is conceded that there is no statute in Mississippi requiring the recording of assignments of choses in action. C/f Pigford Grocery Co. v. Wilder et al., 116 Miss. 233, 76 So. 745.

■ When book accounts are assigned as here, by a written instrument, the effect is that of a valid pledge or an equitable assignment. Trenholm v. Miles, 102 Miss. 835, 59 So. 930, Ann.Cas.1915A, 1079; Harris v. Lombard, 60 Miss. 29; Spengler v. Stiles-Tull Lumber Co., 94 Miss. 780, 781, 48 So. 966, 19 Ann.Cas. 426; Pass v. McRea, 36 Miss. 143.

■ When an assignment of a chose in action is made by a separate paper, it is valid, though the written evidence of the chose in action is not delivered if the deed of assignment was equivalent to transfer by delivery. Grand Gulf Bank v. Wood, 12 Smedes & M. 482; Lincoln v. Equitable Life Co., 124 Miss. 153, 87 So. 6.

In Nelson's case, Floyd v. C. Nelson Mfg. Co., 5 Cir., 93 F.2d 857, 858, we pointed out "the purpose of the Mississippi sign statute is to defeat secret liens and should be given effect, it has uniformly been given effect to accomplish this purpose. It should not be, it has not been, tortured into a strained construction to defeat honest transactions entered into in accordance with upright business practices."

The judgment was right. It is affirmed.