EVANS & BRIGHT *v.* HENLEY & CARROLL.

1. STATUTE OF FRAUDS. *Agency.* *Code* 1880, § 1300.

Where a wife, who is the actual partner in a mercantile firm, makes her husband her active agent and manager in the business, with authority to act for her in all matters and to the same extent as she herself might act, and he, along with her partner, is in charge of the business and carries it on, he thereby becomes an agent within the meaning of § 1300 of the code 1880, requiring the name of the principal to be disclosed by a sign.

2. BUSINESS SIGN.

If, in such case, the sign used contains the common or family name and fails to disclose whether it be the wife or husband who is meant, this statute will apply the name to the ostensible owner, and thus, as to the creditors of the husband, fix the ownership of the interest in the goods in him.

3. SAME. *Case in judgment.*

C. A. Henley and Mrs. B. Carroll were partners in business under the firm-name, and with the sign, " Henley & Carroll." Pursuant to their partnership articles, Geo. L. Carroll, husband of Mrs. B. Carroll, acted as her active agent and manager, carrying on the business along with Henley, and was the ostensible partner. *Held,* That the statute (code 1880, § 1300) applied the name " Carroll" in the sign to the ostensible partner, and as to creditors of Geo. L. Carroll, the goods used or acquired in the business were to be treated as the property of Henley and Geo. L. Carroll.

Appeal from the circuit court of Monroe county.

Hon. Lock E. Houston, Judge.

The agreed statement of facts in this case shows as follows: "Plaintiffs, Evans & Bright, recovered a judgment for three hundred and four dollars and eighty-four cents against Geo. L. Carroll, and had execution issued and levied on Geo. L. Carroll's interest in a stock of fancy groceries in Aberdeen, in a store owned by Henley & Carroll. The firm was composed of C. A. Henley and Mrs. B. Carroll, wife of the defendant, Geo. L. Carroll. The business was conducted in the name of Henley & Carroll, and Geo. L. Carroll, agent, according to the articles of co-partnership." The written agreement for a partnership between C. A. Henley and Mrs. B. Carroll contained, among other provisions, the following: "2. That the style and firm-name of the co-partnership shall be Henley & Carroll." * * * "4. It is agreed that George L. Carroll, husband of the said B. Carroll, is to be the active agent and manager in said firm for the said B. Carroll, and is authorized fully to do any and all things touching any matter of business which she, the said B. Carroll for herself individually, or as such partner, might do herself in person, and he may use the firm-name and act to (all) intents and purposes as the said B. Carroll might do for herself in person." "5. It is agreed and understood that the said parties, that is to say, the said C. A. Henley and Geo. L. Carroll, agent, are to give their undivided attention for the promotion of the interests of the firm by every possible means in their power."

Mrs. B. Carroll furnished the money for her interest in the firm, borrowing it from her brother-in-law, E. M. Carroll. The sign over the store was Henley & Carroll, and was paid for by the firm, composed of C. A. Henley and Mrs. B. Carroll. Geo. L. Carroll was not a member of the firm and did not have any interest in the firm. Henley, Geo. L. Carroll, and one Murphy, a clerk, carried on the business. Geo. L. Carroll was his wife's agent and also clerk in the store, but received no definite salary. He advised with his wife as to the conduct of the business. She would come to the store after supper, sometimes as often as twice

a week, but at other times not so often, and overlook the posting of the books, and inquired and advised regularly about the business. She did not come during the day except sometimes (not often) to make orders, having her household duties to attend to at home.

The goods levied upon were claimed by appellees. Upon the agreed facts the court instructed the jury to find for the claimants, and from the judgment the plaintiffs appealed.

The whole controversy is as to whether the goods are liable for the debts of Geo. L. Carroll by virtue of § 1300 of the code of 1880.

This section is as follows: "If any person shall transact business as a trader, or otherwise, with the addition of the words 'agent' 'factor,' 'and company' or 'and Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property."

*E. H. Bristow*, for appellants.

We cannot conceive a stronger case for the application of the provisions of § 1300 of the code of 1880 than the case at bar.

It was conceded that the fact that the levy was made on the interest of a partner in partnership assets makes no difference. If Geo. L. Carroll was a partner he had a leviable interest in the stock, which plaintiffs in execution could subject. *Saunders* v. *Young*, 2 Geo. 111; *Willis* v. *Loeb*, 59 Miss. 169; Code 1880, § 1770.

Even if there be creditors of the firm, their claim for priority, if there be any asserted, cannot be litigated in a court of law. *Loeb & Bloom* v. *Morton*, 63 Miss. 288.

There is no dispute that Geo. L. Carroll was in the store *transacting the business;* that the very articles of partnership vested in him just such an agency as under said statute must be explained by a sign, and that if he had made the sign "Geo. L. Carroll,

agent," it would not have been sufficient under the statute. But he does not even do that. He does not add the word " agent " or " manager." His name is "Carroll." His sign is " Carroll," and he is in the store transacting the business of " Carroll." See *Wolf & Marks* v. *Kahn,* 62 Miss. 816. If the fact that the name, Carroll, on the sign is not only the name of the party inside who transacts the business but is likewise the name of the wife at home, or of a relative, can avoid the operation of the statute, (§ 1300) then it may as well be repealed.

" Smith, the Grocer," " Brown, the Dry Goods Man," " Franklin, the Shoe Man," each conducting the business and blazoning his sign to the world—when the evil day comes, can simply say that " Smith " means Mrs. Smith at home, that " Brown " means Brown, *père,* in the country, and that the real " Franklin " is a fourth cousin in Maine.

In the case at bar there is not one single *exoteric* fact pointing to Mrs. Carroll as the owner. The only evidence of that is the secret articles of partnership. Geo. L. Carroll was exactly in the position to perpetrate the fraud which it was the object of the statute to prevent. He transacts the business, his name is on the sign, and he is the ostensible partner. *Hamblet* v. *Steen,* 65 Miss. The case of *Schoolfield, Hanauer & Co.* v. *Wilkins,* 60 Miss. 238, is not analogous, because there the wife conducted the business *in her own name,* there being *no* sign.

*Robt. E. Houston,* for appellees.

To decide that George L. Carroll could not become the clerk or agent of his wife when she is doing business under her own sign, would be an anomaly in the law, and we believe against public policy and human rights, if not directly in the teeth of our statute. Is § 1300 a machine to keep married men from work unless they have capital of their own, and create deadheads in a community, or was the law enacted to prevent frauds and not create them?

By § 1167, code 1880, a married woman's disabilities are removed and she may enjoy and dispose of her property as a *feme sole.* This is as much the law as § 1300, and it eliminates from this controversy the fact that Mrs. Carroll was the wife of George

L. Carroll. A partnership is a distinct identity, having legal individuality of its own. The firm was Henley & Carroll, and their individuality was advertised by a conspicuous sign. See *Ross* v. *Baldwin,* MSS. (1888). Those dealing with a firm must know its members at their peril. Those who trust most must suffer most.

Must the firm of "Smith & Co." advertise to the world the name of each Smith in its employ? Or because the firm does not set out the name of each member of the firm, must the name of each clerk be set out in a sign to protect the goods against the creditors of the clerk?

This case is similar to that of *Schoolfield, Hanauer & Co.* v. *Wilkins,* 60 Miss. 238. Here the sign proclaimed the real owner. George L. Carroll did not conduct the business any more than Henley, or Murphy, the clerk. Nothing pointed to George L. Carroll as the real owner. The name Carroll on the sign must be referred to the real owner, Mrs. Carroll, not to the husband, who had no interest in the business. There was no transacting of business under a name not that of the true owner. The peremptory instruction and verdict was correct.

*G. J. Buchanan,* on the same side.

The sign "Henley & Carroll" over the store door gave notice to the world that this co-partnership owned the property and business. The evidence settles that they were all, Murphy and Carroll as clerks and Henley as a partner, acting in the name of and for the benefit of the partnership. In *Gumbel* v. *Koon,* this court said : "The statute fixes the ownership to be in the person whose sign is exhibited at the place where the business is conducted," and in *Hamblet* v. *Steen,* 65 Miss., "this law has regard to the external *indicia* of ownership, and by these stamps ownership, etc." Apply these principles, and the conclusion is irresistible that the sign fixed the ownership in the co-partnership.

COOPER, J., delivered the opinion of the court.

Under the facts disclosed by the record, George L. Carroll was not a mere clerk of the firm of Henley & Carroll. By the articles of partnership, signed by Henley, Mrs. Carroll and himself, he was

appointed agent of his wife, and fully authorized to represent her in all matters having reference to the business. He was created vice-principal by the instrument, and we must assume that what he did in reference to the business was done under and by virtue of the agency conferred on him, and not as a mere clerk occupying a subordinate position, and subject to the direction and control of Henley, the active partner.

By the very terms of the articles of partnership he was to transact business as the agent and representative of his wife, was her *alter ego*, vested with full power to do whatever she might do in reference to the business of the firm. Under such circumstances it was the duty of the principal (or of her agent) to display upon a sign at the place of business the name of the true owner, failing in which, as to the creditors of the husband, the property used or acquired in the business is to be treated as the property of the persons by whom the business was ostensibly transacted, viz. : of the firm of Henley & Carroll, composed of Henley and George L. Carroll. True it is that the sign displayed was that of the firm, " Henley & Carroll," and that the name Carroll might be applied either to George L. Carroll or to his wife, Brodie Carroll. But under the circumstances disclosed, the statute applies the name to the ostensible owner, to him who transacts the business, unless a sign displayed " discloses the name of his principal or partner, in letters easy to be read." *Gumbel* v. *Koon*, 59 Miss. 264 ; *Wolfe & Marks* v. *Kahn*, 62 Miss. 814 ; *Hamblet* v. *Steen*, 65 Miss. 474.

*The judgment is reversed.*