### GEORGE C. PAINE, ASSIGNEE, *v.* ABERDEEN HOTEL COMPANY.

1. BONA FIDE PURCHASER.   *Assignee for creditors.*
    An assignee of property for the benefit of the assignor's creditors is not a *bona fide* purchaser for a valuable consideration.

2. LANDLORD AND TENANT.   *Conflict between landlord and assignee.*
    A landlord has the right to cause goods assigned by the tenant for the benefit of his creditors to be seized in attachment for rent if they would otherwise be liable, notwithstanding the assignment, the landlord's claim being good against every one not a purchaser in good faith and for value.

APPEAL from the Circuit Court of Monroe County.
Hon. J. A. GREEN, Judge.

On the 30th of April, 1881, the Aberdeen Hotel Company leased to Thomas Jones, for the term of one year, a hotel known as the Gordon House, the rent to be paid monthly, in advance. On the 2d of December, 1881, Jones'made an assignment of all of his property, not exempt from seziure for his debts, to George C. Paine, for the benefit of his creditors. Paine took possession of the hotel furniture and other personal property on the leased premises; but on the 7th of December, and before he removed them from the premises, all of the goods and chattels assigned were seized under an attachment for rent, due and to become due, sued out by the Aberdeen Hotel Company against Jones.

Paine filed an affidavit claiming the property levied upon as the assignee thereof. An issue was made up to try the right of property, and a trial was had, which resulted in a judgment for the plaintiff in attachment. From which judgment the claimant appealed.

*Davis, McFarland & Paine*, for the appellant.

1. The landlord has no lien upon the effects of his tenant previous to levy. *Marye* v. *Dyche*, 42 Miss. 347; *Stamps* v. *Gillman*, 43 Miss. 456; *Patty* v. *Bogle*, 59 Miss. 491; *Arbuckle* v. *Nelms*, 50 Miss. 656.

2. Until levy of attachment by the landlord the tenant has full power and dominion over his goods and chattels upon the rented premises, and may dispose of the same, notwithstanding the landlord's claim for rent. *Marye* v. *Dyche*, 42 Miss. 347; *Stamps* v. *Gillman*, 43 Miss. 456; *Arbuckle* v. *Nelms*, 50 Miss. 556; *Patty* v. *Bogle*, 59 Miss. 491, 496; *Anderson* v. *The State*, 23 Miss. 459; Ex parte Grove, 1 Atk. 104; Co. Lit. 476; *Hanchell* v. *Kimpson*, 2 Wil. 141; *Thornton* v. *Adams*, 5 Mau. & S. 38; *Frisby* v. *Thayer*, 25 Wend. 396; *Mitchell* v. *Franklin*, 3 J. J. Marsh. 482; *Eaton* v. *Southey*, Willes, 131; Taylor's L. & T., sect. 577.

*Houston & Reynolds*, for the appellees.

An assignee, under an assignment for the benefit of creditors, is not a *bona fide* purchaser, succeeds only to the rights

or the assignor, and stands precisely in the same condition. *Craft* v. *Blum*, 59 Miss. — ; *Frow et al.* v. *Downman*, 11 Ala. 885 ; Burrill on Assn., p. 529, sect. 391, and authorities cited. In this State the landlord has the right to distrain for rent, and this right to distrain gives a preference over creditors who claim under an assignment for their benefit. Burrill on Assn., p. 607, sect. 442 ; *Morris* v. *Parker*, 1 Ashm. 187.

*Murphy*, *Sykes & Bristow*, on the same side.

The trustee or assignee in a voluntary assignment for the benefit of creditors, is not a *bona fide* purchaser for value. " If no consideration is paid, and the property be assigned and received in payment of, or as security for, a pre-existing debt, the assignee must take it subject to all the equity to which the assignor was subjected." *Clark* v. *Flint*, 22 Pick. 243.

If, while the property is on the leased premises, it is sold or disposed of otherwise than for a valuable consideration and in good faith, it does not cease to belong to the tenant, as against the claims for rent, under sect. 1317 of the Code of 1880.

CAMPBELL, C. J., delivered the opinion of the court.

An assignee for creditors is not a *bona fide* purchaser for valuable consideration.

The landlord has a right to cause the goods of the tenant, liable to be taken for rent, to be seized and held therefor against all the world, except a purchaser in good faith for a valuable consideration.

Judgment affirmed.