R. PAINE, RECEIVER, *v.* G. A. SYKES ET AL.

72    351
f91   617

1. BONA FIDE PURCHASER.  *Assignee for creditors.*

   An assignee in an ordinary voluntary assignment for creditors is not a *bona fide* purchaser, and therefore goods assigned to him which are liable to be attached for rent may still be subjected to the landlord's demand.  *Paine* v. *Hotel Co.*, 60 Miss., 360.

2. ATTACHMENT FOR RENT.  *Chancery court.  Procedure.*

   The statutory proceeding by which the assignee in a general assignment for creditors becomes a receiver only prevents a landlord, suing out an attachment for rent after the assignment, from making an actual levy on the assigned property.  By application to the chancery court administering the assignment, he may proceed against the property or its proceeds to satisfy the demand for rent.

FROM the chancery court of Monroe county.

HON. BAXTER McFARLAND, Chancellor.

On February 23, 1893, Whitney, a druggist, made a general assignment of his stock of goods, for the benefit of creditors. He preferred a debt to his mother for about $2,000. Appellant, Paine, was made assignee, and filed his bill in the chancery court, and made bond in accordance with chapter 8, code 1892. On the next day, before any other claim had been propounded, and while the goods were on the leased premises, appellee, G. A. Sykes, owner of the store and landlord of said Whitney, sued out an attachment for $335, rent due, and a larger amount to become due. In accordance with the facts, the sheriff indorsed on the writ a return that he found the goods in the possession of Paine, who held as receiver of the chancery court; that he demanded possession of the property, but was refused. Thereupon, on February 25, 1893, the said G. A. Sykes filed a cross petition in the case in the chancery court, and propounded therein her claim for rent, setting out the rent contract and the attachment proceedings. She alleged that Paine, as assignee, was a volunteer and not a *bona fide* purchaser, and that she was entitled to prior satisfaction of her demand, and asked the court to enforce her rights as landlord against the property. By agreement of all parties, possession of the store was delivered to Mrs. Sykes and her claim for rent not due was satisfied. Finlay & Brunswig also filed a cross petition in the case, seeking to rescind the sale of certain goods to Whitney, on the ground that he had purchased the same by fraudulent representations. The goods in controversy were converted into money by the receiver. On the hearing a decree was entered granting the prayer of Mrs. Sykes and that of Finlay & Brunswig, and providing for the distribution of the remainder of the assets in the hands of the receiver in accordance with the assignment. From this decree the receiver appealed, complaining of the allowances to Mrs. Sykes and Finlay & Brunswig. Inasmuch, however, as the court, in its opinion, makes no reference to the

allowance in favor of Finlay & Brunswig, the argument of counsel relating to that is omitted.

*Geo. C. Paine* and *Gilleylen & Leftwich*, for appellant,
Filed separate briefs, making substantially the following points:

Section 1302, code 1880, gave to lessors of tenements, as well as of land, a lien for rent. Section 2501, code 1892, omits the word "tenements." This indicates a clear intention not to allow a lien for rent in cases of this kind. The statute giving the liens is to be strictly construed. *Gumbel* v. *Koon,* 59 Miss., 264.

Section 1768, code 1880, whereby goods cannot be removed without payment of rent due, was not brought forward in the code of 1892.

There was no lien for rent at common law. 50 Miss., 556; 59 *Ib.*, 656. Neither under the code of 1880 nor 1892 is a lien given for rent except on agricultural products. On this point, see *Henry* v. *Davis,* 60 Miss., 212.

The case of *Paine* v. *Hotel Co.*, 60 Miss., 360, is not an authority in support of the decree appealed from. In that case, differing from this, the goods were not in *custodia legis,* and were actually seized, and the assignee was held to be a mere volunteer. Here, by the statute, he is a receiver, and property in his hands could not be levied on without permission of the court. To attempt a levy would have been contempt of court. High on Receivers, § 163; Freeman on Ex., § 129.

The landlord could not, in any event, fasten a lien upon the property which would be superior to the right of the receiver to administer the estate under the statute. Besides, if Mrs. Sykes had a lien, it was only enforcible on condition that the assignment should be defeated, and it was not defeated.

Opposing counsel have the erroneous view that a special right attaches to a claim for rent. The repeal of § 1768, code 1880, had the effect to place the claim of the landlord on an equality with that of other creditors.

*Sykes & Bristow*, for appellee, G. A. Sykes.

1. The assignee in an assignment for creditors is but a volunteer. He pays no new consideration, and takes the assigned property subject to all prior equities. Burrell on Assignments, 521; 11 Ala., 885; 22 Pick., 243; *Craft* v. *Bloom*, 59 Miss., 69.

Chapter 8, code 1892, does not change the character of the title of the assignee. It has no other effect upon the rights of the landlord than that of precluding him from making an actual levy on the property in the hands of the receiver. The rights of the parties remain as before, and the only change is that they must litigate in a different forum. The fact that the assignee filed a bill, and gave bond as receiver, is not intended to affect his title to the property, but only to simplify the method of procedure in the administration of the property.

2. A claim for rent occupies a middle position between a simple debt and one secured by lien. As against it, any alienation by the tenant must be to a *bona fide* purchaser. 42 Miss., 347; 43 *Ib.*, 456. As against an ordinary debt, the owner of property may alienate to those who are not *bona fide* purchasers or creditors. *Surget* v. *Boyd*, 57 Miss., 485. As against the right to enforce a demand for rent, such an assignment will not be good. *Paine* v. *Hotel Co.*, 60 Miss., 360. The decision in that case is conclusive of the controversy on both points involved in this appeal.

3. The assignee having become a receiver, the property could not be seized for rent. It was necessary for the landlord to resort to the chancery court. That court having jurisdiction for one purpose, could proceed to grant full relief. 1 Pom. Eq., §§ 181, 231, 242; *Noe* v. *Gibson*, 7 Paige, 513.

COOPER, C. J., delivered the opinion of the court.

The assignee in the deed of assignment made by Whitney, was not a *bona fide* purchaser for value, and the property in his hands was subject to the distress warrant sued out by the landlord. *Paine* v. *Hotel Co.*, 60 Miss., 360. The statutory

proceeding by which the assignee was converted into a receiver, had no other effect upon the right of the landlord than to preclude her from making an actual levy of the writ upon the property in the hands of the receiver and necessitating an application to the court for the recognition and enforcement of her right to go against the property or to have satisfaction out of its proceeds.

*The decree is affirmed.*