## JAMES W. TUFTS *v.* D. A. STONE.

1. SALE. *Title reserved. Part payment. Right of seller.*

The seller of personal property, who reserves title until the purchase-money is paid, may, at any time after default and before payment in full, retake the property. In such case, he will not hold it absolutely, but merely as security for the amount due. *Dederick* v. *Wolfe*, 68 Miss., 500.

2. RECORD. *Contract reserving title. Code 1880, § 1293.*

Where personal property is delivered to a purchaser, the title being reserved by the seller as security for the price, under a written contract, signed and acknowledged by the purchaser, such contract is recordable as a "reservation or limitation of a use or property, by way of condition, reversion or remainder, or otherwise, in goods or chattels, the possession of which remains in another." Code 1880, § 1293.

3. SAME. *Property used in trade. Code 1880, § 1300. Recorded liens.*

Section 1300, code 1880, providing that personal property used or acquired in the business of a trader, under certain circumstances, shall be treated as his, as against his creditors, has no application against the original

seller of such property, who, to secure the purchase-money, reserves title by an instrument signed by the purchaser, and duly acknowledged and recorded.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

Replevin by James W. Tufts to recover a soda-fountain and apparatus, distrained for rent by Mrs. D. A. Stone as the property of Martz Bros. The case was tried by the court without a jury, on an agreed statement of facts, the material parts of which are as follows: In March, 1890, plaintiff, Tufts, sold the soda-fountain and apparatus to C. E. Martz, then engaged in business in Lincoln county, Mississippi, the price being $800, to be paid in twenty-five monthly installments of $32 each. The contract was in writing, signed by C. E. Martz, and, after stating the terms of sale, contained the following stipulation: "Possession of said property is to remain with me until default in payment, but title to the same shall not pass to me, but, until all of said notes are paid, shall remain in James W. Tufts." This contract was signed and acknowledged by Martz, and promptly recorded in Lincoln county. Subsequently C. E. Martz removed to Lauderdale county, and, with his brother, S. Martz, leased from appellee, Mrs. D. A. Stone, a store-house, in which they engaged in business as partners, their firm name, as disclosed by the sign, being Martz Bros. The soda-fountain was brought from Lincoln county and placed in the store, and used in the business of said firm. The contract of sale was also recorded in Lauderdale county a short time after the removal of the property.

In December, 1891, Martz Bros. made a general assignment for the benefit of their creditors, and this property, along with their other assets, was turned over to their assignee. Thereupon Mrs. Stone, claiming rent, both in arrears and to become due, distrained and caused certain of the assets in the possession of the assignee, including the soda-fountain, to be seized. Tufts brought this action of replevin therefor,

and, on the trial, it was agreed that the only issue involved was whether Tufts was entitled to the said property by virtue of said instrument, or whether, under § 1300, code 1880, it should be treated as the property of Martz Bros., and, as such, liable to distress at the suit of their landlord, the appellee.

The judgment was in favor of the defendant, and Tufts appealed.

Section 1300, code 1880, provides that if one transacts business, as a trader, in his own name, without a sign disclosing ownership in another, all the property used or acquired in said business shall, as to his creditors, be deemed and treated as his.

The concluding clause of § 1293, code 1880, which is construed in the opinion, is as follows: " Where any loan of goods and chattels shall be pretended to have been made to any person with whom, or those claiming under him, possession shall have remained by the space of three years, without demand made and pursued by due course of law on the part of the pretended lender, or where any reservation or limitation shall be pretended to have been made of a use or property, by way of condition, reversion, remainder or otherwise in goods or chattels, the possession whereof. shall have remained in another, as aforesaid, the same shall be taken, as to the creditors and purchasers of the persons aforesaid so remaining in possession, to be fraudulent within this act, and that the absolute property is with the possession, unless such loan, reservation or limitation of use or property were declared by will, or by writing, proved or acknowledged, and filed for record, as aforesaid."

*E. H. Dial*, for appellant.

The contract of sale, signed and acknowledged by Martz, the purchaser, was recordable. Code 1880, § 1293. Having been properly recorded, it was notice to the world of the seller's right reserved by it. See Wade on Notice, § 113.

Section 1300 of the code was designed only to guard against the assertion of secret claims. It cannot affect rights of record. *Dodds* v. *Pratt,* 64 Miss., 123.

*Walker & Hall,* for appellee.

This case differs from *Hall* v. *Payne,* 64 Miss., 175, only in this, that in that case the contract was not recorded. We contend that the contract in this case is not a recordable instrument. *Ketchum* v. *Brennan,* 53 Miss., 597; *Duke* v. *Shackelford,* 56 *Ib.,* 554.

If recordable, its record does not meet the requirements of § 1300, code 1880. It prescribes that ownership must be disclosed by a sign—not by registration. This statute will be enforced as written. *Quinn* v. *Myles,* 59 Miss., 379; *Wolf* v. *Kahn,* 62 *Ib.,* 819. This case is condemned by both the letter and spirit of said statute.

WOODS, J., delivered the opinion of the court.

Was the title to the property in controversy in the appellant, and possession and use in Martz? Or had Martz such title as would have authorized its mortgage by him, in any event? Can it be said that, under the recorded contract made by him, he may be regarded as substantially a mortgagor in possession?

The case is freed from doubt as to the proper answers to these inquiries, if, refusing to stick in the letter, we look through mere forms, and ascertain what the intent of Tufts and Martz was when the contract was entered into. It is certain that Martz, by his purchase, was to secure the soda-fount and apparatus, and Tufts was to have, as compensation, the price of $800, evidenced by thirty-two promissory notes of the purchaser for $25 each, payable monthly, and that he reserved title simply as a security for the purchase-price. The contract distinctly declares that "said notes [meaning Martz's thirty-two notes] were given by me, Martz, for certain soda-water apparatus conditionally purchased of said

Tufts." Martz had such title and interest in the property when this litigation arose as would have been protected in a court of equity. He had paid to Tufts about $500 in pursuance of his agreement, and would the latter be permitted, in equity, to retain this $500 and retake absolutely, as his own, the property for which the $500 had been paid? Rather, would not Tufts have been allowed to resort to his security only so far as the same might be necessary to satisfy the balance due from Martz? Suppose Martz had paid thirty-one of the thirty-two notes, and by disaster had been unable to pay the remaining note of $25, would any court of conscience tolerate an assertion of Tufts' right to hold on to the $775 already paid him, and to take as his own the property also? He may resort to the security he has taken, by reservation of title, for payment of the balance due him just as any mortgagee may in like case. But the case falls, in its facts and features, wholly within the rule announced in *Dederick* v. *Wolfe*, 68 Miss., and renders further remark superfluous.

While the trader must unite in himself title and possession of property used in his business, he may surely encumber the same by mortgage, and, with the instrument acknowledged and recorded, his mortgagee must not be stripped of his rights under the mortgage. See *Dodds* v. *Pratt*, 64 Miss.

Treating the written and acknowledged and recorded contract as in its essentials a mortgage, it was properly recordable, and excluded all idea of its being classed with those secret claims which it was the purpose of § 1300, code 1880, to disallow. In its form and letter, too, we think it was properly subject to recordation, for it purports to be a reservation or limitation of a use or property, by way of condition, reversion or remainder in goods or chattels, the possession whereof is in another, and is embraced in the concluding clause of § 1293, code 1880. This conclusion is implied plainly in *Thomas* v. *Grand Gulf Bank*, 9 S. & M., 201.

*Reversed.*