## FitzGerald *v.* American Mfg. Co.

### [75 South. 440, Division A.]

LANDLORD AND TENANT. *Landlord's lien. Transacting business as trader.*

The property of a tenant acquired under a recorded contract of sale reserving title, cannot be subjected by his landlord for rent, although the tenant is transacting business as a trader under Code 1906, section 4784, since in such case the tenant has no title to the property and the landlord is advised of this fact by the record, but such property is liable to the landlord for rent where the contract of sale reserving title is not recorded.

APPEAL from the circuit court of Coahoma county.
HON. W. A. ALCORN, Jr., Judge

Suit by the American Manufacturing Company against E. P. FitzGerald. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Maynard & FitzGerald,* for appellant.

The description of the property in the contract of sale is void. *Allen* v. *Dicken,* 63 Miss. 91; *Nicholson et al.* v. *Karpe,* 58 Miss. 1. The last mentioned decision is so close in point that the court is specially directed to the description therein. *Kelly* v. *Reid,* 57 Miss. 89. The

description in the affidavit of replevin (Rec. p. 4), writ of replevin and return of the sheriff thereon are void: (a) Because of insufficient description; (b) because unvalued as required by the statute.

In support of (a) we refer the court to the cases cited above in regard to the description of the property contained in the contract of sale.

Insupport of (b) we respectfully refer this court to section 4214 of the Code of Mississippi of 1906, subdivision "B" thereof.

Undoubtedly the reason for the passage and enactment into a law of section 4784, Code 1906 was the one dealing with a trader might rest on this statute unless he had actual constructive notice of the ownership by another person of the property, stock, money and choses in action used or acquired in such business. Take the instant concrete case; Goodman applied for the rental of a space in the appellant's pool room; he shows the fixtures, counters and other appliances here in controversy; he assures appellant that he is the owner of all of these fixtures and appliances and that therefore appellant has something to look to for such rental, credit, etc., as he may extend to Goodman. Relying upon the statute of 4784, Code 1906, and the possession of Goodman of the articles in question, and believing that he has a lien on said article for his rent as landlord, the appellant allowed Goodman to set up his fixtures and gives him credit for rents.

When the lien for rent is attempted to be imposed appellee comes with a void contract of sale and says that it owns the property, and not Goodman. We submit that in order to meet the law the contract of sale which was held by appellee must be good and valid and binding in order to defeat the lien of appellant for his rent.

If the description in the contract of sale is void, then the whole contract falls to the ground and it is not constructive notice to FitzGerald, or any other creditor, that appellee is the owner or has any interest in the

property of Goodman. It is probable that counsel for appellee will cite the cases of *Stone* v. *Tufts,* 70 Miss. ——, and *Brunswick* v. *Murphy,* 89 Miss. 264. Neither of these cases is directly in point. The case of *Tufts* v. *Stone, supra,* is not in point because it is not contended there that there is any bad description in the contract of sale.

The contract of sale in that case, which is exactly similar to this, was considered a mortgage. We call the court's attention specially in that case (*Tufts* v. *Stone, supra*) to the remark of the court, on page 59, as follows: "While the trader must unite in himself title and possession of property used in his business, he may surely encumber the same by mortgage, and, with the instrument acknowledged and recorded, his mortgagee must not be stripped of his rights under the mortgage. See *Dodds* v. *Pratt,* 64 Miss." In that sentence the court upholds our contention in this case to-wit: The trader must unite in himself the title to the property which he uses and acquires in his business; that if he desires to encumber or mortgage any of his property it must be done by a good and valid mortgage acknowledged and recorded. The case of *Brunswick* v. *Murphy, supra,* is not in point because the renter in that case was not a trader, and the question did not arise in the case.

The court and the legislators have attempted by every device within power to protect persons dealing with traders. It is well known that if one goes into a store to sell or buy from a trader he can but look at the stock of goods, fixtures and other articles in the store for a basis of credit, then if there is no valid mortgage of any of the assets or property on record, surely in view of section 4784 of the Code of 1906, he may consider himself safe in advancing credit to the amount of the value of the property, stock, fixtures, etc., used and acquired in the business of the renter.

Holding the above view, it seems to us that the court below has erred in admitting the mortgage or contract of

sale as evidence in this case, and without such rightful admission in evidence the case of appellee falls to the ground.

*E. M. Yerger* and *D. A Scott,* for appellee.

Under the pleadings, in this case, the only questions involved are whether or not the appellee had title to the property seized by it, at the time the writ of replevin was issued and executed, and whether or not it was necessary for it to pay to Mr. FitzGerald three hundred and twenty-five dollars rent claimed by him, as owing by O'Neal Goodman, before it had the right to take possession of the property.

The evidence shown conclusively that the appellee was the owner of the property in question, it being admitted by Goodman that, the title thereto was retained by the American Manufacturing Company, until the purchase price was paid, this also being shown by the contract of sale, and by the notes which were introduced in evidence.

This being undisputed, did Mr. FitzGerald, a mere unsecured creditor, have the right to retain possession of this property, until he was paid the rent on the leased premises, upon which the property was placed by Goodman.

He seeks to invoke the aid of section 4784 of the Code of Mississippi, 1906, which is as follows. If a person shall transact business, as a trader, or otherwise, with the addition of the words ''agent,'' ''factor'' ''or & Co.'' or like words, and fail to disclose the name of his principal or partner, by a sign in letters, easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name, without any such addition, all the property, stock, money and choses in action, used or acquired in such business shall, as to creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property.

The landlord, Mr. Fitz Gerald, could not retain possession of this property, until the rent was paid; he had no lien on it whatever. This is settled absolutely, by the case of *Brunswick, etc.,* v. *Murphy,* 89 Miss. 265; *Tufts* v. *Stone,* 70 Miss. 54; *Gaden* v. *Tufts,* 68 Miss. 691; *Duke* v. *Shackelford,* 56 Miss. 452.

In truth, section 2867, Code 1906, disposes of the idea of appellant that, the property seized by appellee could be held until the rent was paid. This section is as follows: Property, except agricultural products, on which there is a lien for rent, found or being on any demised permises, not belonging to the tenant, or to some person bound or liable for the rent of such premises, shall not be liable to be destrained for rent, but when the tenant or other person, liable for the rent have a limited interest in the property, same may be destrained and the interest therein of the tenant or person liable for the rent may be sold.''

The last case along this line, is that of *Shuler* v. *L. Grunwald Company,* reported in advance sheets of the Southern Reporter, dated May the fifth, 1917. This honorable court of course remembers the facts in that case and its decision. Briefly stated, the facts are as follows: The Grunwald Company delivered to Mr. Ross of Greenwood, Mississippi, an electric piano; this was placed in a moving picture show, in a house belonging to T. R. Henderson. Ross paid nothing on the piano, and defaulted in his rent. An attachment for rent was levied on the said piano, and it was sold at a sale, regular in every respect, to Mr. Shuler. The Grunwald Company, later discovering what had occurred, replevined the same. The only question before the court was whether the Grunwald Company or the defendant Shuler had the better title to the said property, and which was entitled to the possession of the same. It does not appear in that case that the contract of sale was regularly recorded. In fact, it is quite evident that it was not recorded or the point would have been made in the court below. The

court decided the case in favor of the Grunwald Company holding that this property was not liable for rent. This seems to decide for us the case at bar, the only difference being, that in the instant case, all of the property involved, except the ceiling fan, was covered by a recorded contract of sale, which gave notice to the world of the rights of the appellee.

HOLDEN, J., delivered the opinion of the court.

This is an action of replevin, brought by the American Manufacturing Company, plaintiff in the lower court and appellee here, against the appellant, F. P. Fitz Gerald, for certain property consisting of a soda fountain, fixtures, and apparatus belonging thereto, and also one ceiling fan. The property was purchased by one Goodman from the appellee, under a contract of sale wherein the appellee retained title to all of the property. This property was placed and used in the pool room operated by said Goodman, in a building belonging to appellant, F. P. FitzGerald. Goodman fell behind in the rent due to FitzGerald and finally left the town, owing a considerable amount of rent to appellant. FitzGerald, the landlord, took possession of the property, which consisted of the soda fountain, fixtures, etc., and the ceiling fan; and the appellee, having the title to the property retained in the contract of sale, instituted this suit of replevin for the property, and obtained a judgment, from which this appeal comes here.

It appears that the contract of sale, correctly and validly described the property and retained the title in the seller, the appellee, The American Manufacturing Company and was duly recorded in the office of the chancery clerk of that county. But the ceiling fan was not described in the written contract of sale that was recorded, but the retention of title to the ceiling fan, which seems to be valued at thirty dollars was by a different instrument that was never placed upon record. It is conceded in the briefs of all parties that the said

Goodman, who was running a pool room and selling cigars, soda water, and tobacco, was thus "transacting business as a trader," under section 4784, Code of 1906, which provides that all of the property used or acquired in such business shall be liable for. the debts of such trader. But it will be observed here that the contract of sale, which retained the title and right of possession in the appellee, was acknowledged and duly recorded, and was constructive notice to all that the title to the property was not in Goodman, the person transacting the business as a trader, but was in appellee. Therefore the appellant FitzGerald could not subject this property to his debt for rent of the building, because the debtor had no title to the soda fountain fixtures and apparatus, and of ' this, appellant FitzGerald had record notice. *Tufts* v. *Stone,* 70 Miss. 54, 11 So. 792; *Gayden* v. *Tufts,* 68 Miss. 691, 10 So. 53.

But as to the ceiling fan, it appears that this fan was not included in the contract of sale that was recorded, and appellant FitzGerald had no notice that the title to the ceiling fan was retained in the appellee, and he had a right under the statute, to assume that this fan was owned by the said Goodman which was acquired and used in the business of a trader as transacted by Goodman;. and it was therefore liable to his creditors for his debts, and the appellant had a right to retain the possession of this ceiling fan to satisfy his debt for rent of the building in which the business of trader was transacted and carried on. Section 4784, Code of 1906; *Paine* v. *Hall Safe & Lock Co.,* 64 Miss. 175, 1 So. 56.

The judgment of the lower court is reversed as to the recovery of the ceiling fan valued at thirty dollars and is affirmed as to all the other property involved in the suit.

Reversed and remanded as to the ceiling fan, and affirmed as to all other property replevied.

*Reversed and remanded.*

*Affirmed.*