## In re LOEB'S, Inc.

### GRAND RAPIDS SHOWCASE CO. v. TRUSTEE OF LOEB'S, Inc.

(District Court, N. D. Mississippi, Delta Division. February 18, 1922.)

**1. Bankruptcy ⬦184(2)—Unrecorded conditional sale contract invalid.**

Under Code Miss. 1906, § 4784, the "sign statute," providing that all property used in the business of a trader shall, as to his creditors, be liable for his debts, which under the Code does not apply to property conditionally sold by a contract which is duly recorded, the trustee in bankruptcy can hold as the property of the bankrupt showcases sold to him under a conditional sale contract, which was not recorded at the time of the sale, nor until less than four months before the bankruptcy.

**2. Bankruptcy ⬦163—Recording conditional sale contract within four months of bankruptcy held "voidable preference."**

Where a seller failed to record his conditional sale contract at the time of the sale, so that property became that of the buyer in so far as his creditors were concerned under the state statute, the recording of such contract within four months of the bankruptcy of the buyer, and while the buyer was insolvent, created a voidable preference, under Bankruptcy Act, §§ 60a, 60b (Comp. St. § 9644).

In Bankruptcy. In the matter of Loeb's, Incorporated, bankrupt. On petition by the Grand Rapids Showcase Company to revise the decision of the referee, denying its petition for recovery of property and permitting petitioner to file a claim as a general creditor. Order of referee affirmed.

R. L. Burns, of Clarksdale, Miss., for petitioning creditor.

J. Lake Roberson, of Clarksdale, Miss., for trustee.

HOLMES, District Judge. On March 12, 1920, the bankrupt purchased from the Grand Rapids Showcase Company six plate glass showcases for $896.40. No payment was ever made, and the original purchase price is still due. At the time of the sale Loeb's, Incorporated, executed a conditional sales contract, by virtue of which title was retained in the vendor until the full purchase price should be paid. This contract was dated March 12, 1920, and by its terms the said company, of Grand Rapids, Mich., was directed to ship by freight to Loeb's, Incorporated, at Clarksdale, Miss., as soon as possible, the six show cases now in controversy. The contract provided that delivery of the

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

showcases was to be f. o. b. railroad cars, Grand Rapids, Mich., and they were so delivered about 60 days after the date thereof.

The contract retaining title was not recorded in the office of the chancery clerk of Coahoma county, at Clarksdale, Miss., where the said Loeb's, Incorporated, was doing business as a trader, until the 23d. day of May, 1921, and 46 days thereafter the said Loeb's, Incorporated, was duly adjudicated a bankrupt. At the time of the contract of purchase, and continuously thereafter until the date of adjudication, the bankrupt was doing business in Clarksdale as a trader under the sign, "Loeb's, Incorporated," and there was no sign of any kind to indicate that the said showcase company was interested in these showcases, which were acquired and used in the mercantile business aforesaid.

The petitioner, the Grand Rapids Showcase Company, filed a petition with the referee, setting forth the facts, alleging that it had title to these showcases, and praying that an order be entered awarding them to it. The referee denied the petition, in so far as it claimed title, but allowed petitioner to prove its claim as a general creditor. The matter is before me on petition to review the decision of the referee.

[1] The showcase company claims title by reason of having reserved the same in its contract of sale, but under section 4784 of the Code of 1906, commonly known as the Mississippi sign statute, these showcases, which were used and acquired in the bankrupt's business as a trader, were, as to creditors, liable for the debts of the bankrupt, and must "be in all respects treated in favor of his creditors as his property." The section in full is as follows:

"4784. (4234) *Business Sign, and What to Contain.*—If a person shall transact business as a trader or otherwise with the addition of the words 'agent,' 'factor' 'and company,' or '& Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property."

This section has been construed and applied by the Supreme Court of Mississippi in several decisions. While it cuts off all secret liens upon and claims of ownership to such property, it does not forbid the trader to incumber the same by an instrument duly recorded. Dodds v. Pratt, 64 Miss. 123, 8 South. 167. It prevents the seller of personal property, who has retained title to secure the purchase money, from asserting any claim where the contract was not recorded. Paine v. Hall Safe & Lock Co., 64 Miss. 175, 1 South. 56. But it has no application against the original seller of such property, who, to secure the purchase money, reserves title by an instrument signed by the purchaser and duly recorded. Tufts v. Stone, 70 Miss. 54, 11 South. 792.

In Fitz Gerald v. American Mfg. Co., 114 Miss. 580, 75 South. 440, the plaintiff was claiming a soda fountain, and fixtures appertaining thereto, under a recorded contract retaining title, and also a ceiling fan under a different instrument which was not recorded. The court held that the statute applied to the claim for the ceiling fan but not to

the claim for the soda fountain and fixtures. The report of the above case of Dodds v. Pratt in 64 Miss. 123, 8 South. 167, does not state that the deed of trust was recorded, yet such was the fact, as is inferable from other cases decided by the court shortly thereafter, in which Dodds v. Pratt is cited, notably Tufts v. Stone, 70 Miss. 54, 11 South. 792. But in order to remove all doubt in my mind I have had the original court record examined and have ascertained that the deed of trust was recorded in the office of the chancery clerk of Madison county.

[2] The contract here between the bankrupt and the petitioner was not recorded until within less than four months of the adjudication in bankruptcy, and consequently, up to the time of such recording, the showcases under the sign statute must in all respects be treated as the property of the bankrupt. The recordation, within four months of the adjudication, in bankruptcy, of this instrument which had been given by the bankrupt, while insolvent, under the circumstances and at the time here shown, was a voidable preference under sections 60 (a) and (b) of the Bankruptcy Act (Comp. St. § 9644).

The case of Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275, is not an authority to the contrary, because here under the sign statute the showcases are treated as the property of the bankrupt until the contract was recorded, whereas in that case the ice machine was held to be not the property of the bankrupt, but of the vendor, even prior to the date when the contract of sale was put on record.

The decision of the referee, denying the petitioner's claim of title to the showcases, but allowing petitioner to prove its debt and participate as a general creditor, is affirmed.

### Final Decree.

This day this matter coming on to be heard before the court on the petition of the Grand Rapids Showcase Company to review an order of W. E. Stone, referee in bankruptcy, entered on the 31st day of January, 1922, denying the relief prayed for by the Grand Rapids Showcase Company with reference to six showcases, and the court, having fully considered the same, is of the opinion that the decree of the said referee is correct and should be affirmed. Wherefore it is ordered, adjudged, and decreed that the said order of the said W. E. Stone, referee in bankruptcy, dated January 31, 1922, be, and the same hereby is, sustained and affirmed. It is further ordered that the petition of the said Grand Rapids Showcase Company be denied, and that they participate in the assets of the said bankrupt as a common creditor.